UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
J.P. MORGAN MORTGAGE TRUST
2007-A2,

    Plaintiff,

v.                                                             CASE No. _____

GARY MILES BEER, INDIVIDUALLY AND
AS ADMINISTRATOR OF THE ESTATE OF
PEGGY ANDERSON BEER,
WENDY OLSEN,
PETRO HOLDINGS INC. D/B/A
PETRO HEAT, TOWN OF JAMESTOWN
BY AND THROUGH THE JAMESTOWN
BOARD OF WATER COMMISSIONERS,
STATE OF RHODE ISLAND
ACTING BY AND THROUGH THE DEPARTMENT OF
ADMINISTRATION (DIVISION OF TAXATION);
AND THE UNITED STATES OF AMERICA,
ACTING BY AND THROUGH THE DEPARTMENT
OF THE TREASURY (INTERNAL REVENUE
SERVICE BUREAU)

    Defendants
_____/

**COMPLAINT TO FORECLOSE MORTGAGE**

I.

INTRODUCTION

HSBC Bank USA, National Association as Trustee for J.P Morgan Mortgage Trust 2007-A2, files this complaint to foreclose a certain mortgage given by the Defendant, Gary Miles Beer, and Peggy Anderson Beer, now deceased, (collectively the "Beers" or "Mortgagors") encumbering real estate and improvements owned by them at 31 Calvert Place, Jamestown, Rhode Island. There is a default on the obligation to make monthly payments under the mortgage and note which it secures

1

and Plaintiff now seeks to judicially foreclose the mortgage pursuant to §34-27-1 and, as applicable, §34-27-3.2(d)(5).

II.

PARTIES

1. Plaintiff, HSBC Bank USA, National Association as Trustee for J.P Morgan Mortgage Trust 2007-A2 ("HSBC Bank"), is a national bank chartered and organized under the laws of the United States of America with principal places of business at 1800 Tysons Blvd., Mclean, VA 22102.

2. Defendant, Gary Miles Beer, is an individual who resides at 31 Calvert Place, Jamestown, RI 02835 and is also the Administrator of the Estate of Peggy Anderson Beer.

3. Defendant, Wendy Olsen, is an individual, who upon information and belief, resides at 438 Wolcott Avenue, Apt. 6, Middletown, RI 02842.

4. Defendant, Petro Holdings Inc. D/B/A Petro Heat, is a Minnesota corporation with a principal place of business at 9 W. Broad Street, Suite 310, Stamford, CT 06902.

5. Defendant, Town of Jamestown, by and through the Jamestown Board of Water Commissioners, is a town agency with an address of 93 Narragansett Avenue, 1st Floor Finance Office, Jamestown, RI 02835.

6. Defendant, State of Rhode Island, acting by and through its Department of Administration (Division of Taxation), is a governmental bureau with a principal place of business at One Capitol Hill, Providence, RI 02908. The Division of Taxation is named herein as a Defendant if and to the extent it claims any lien or interest in the Property arising by operation of law or otherwise upon the advent of Peggy Anderson Beer's death.

7. Defendant, The United States of America, acting by and through the Department of the Treasury (Internal Revenue Service Bureau) ("IRS"), is a governmental bureau with a principal place of business at 1111 Constitution Avenue, NW, Washington, DC 20224. The IRS is named

herein as a Defendant if and to the extent it claims any lien or interest in the Property arising by operation of law or otherwise upon the advent of Peggy Anderson Beer's death.

III.

JURISDICTION AND VENUE

8. The Court has original jurisdiction over this action involving HSBC Bank's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between the Plaintiff and the Defendants and the amount in controversy is more than $75,000.00 in that the outstanding principal balance due and owing on the mortgage which HSBC Bank now seeks to foreclose is $613,989.15 plus additional interest, escrow advances and fees.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

IV.

FACTS

10. The Beers acquired title as tenants by the entirety to the real estate and improvements known as 31 Calvert Place, Jamestown, Rhode Island (the "Property") by Warranty Deed from Peter L. Flynn and Edith F. Flynn dated October 30, 2006 and recorded with the Town of Jamestown Land Evidence Records (the "LER") on October 30, 2006 in Book 606, Page 131.

11. The Beers secured a mortgage loan from Merrill Lynch Credit Corporation November 20, 2006 (the "Loan").

12. This mortgage loan is evidenced by a Fixed/Adjustable Rate Note in the original principal amount of $759,050.00 dated November 20, 2006, given by the Beers to Merrill Lynch Credit Corporation (the "Note"). The Note contains a special indorsement from Merrill Lynch Credit Corporation to PHH Mortgage Corporation and a second indorsement in blank by PHH Mortgage

Corporation. HSBC Bank is the holder of the Note and it or its designated document custodian has physical possession of the Note. A true and accurate copy of the Note is attached hereto as <u>Exhibit 1</u>.

13. The Note is secured by a mortgage given by the Beers to Mortgage Electronic Registration Systems, Inc. ("MERS") acting solely as a nominee for Merrill Lynch Credit Corporation encumbering the Property in the original principal amount of $759,050.00 dated November 20, 2006 and recorded with the LER on November 20, 2006, in Book 608, Page 48 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as <u>Exhibit 2</u>.

14. MERS, acting solely as a nominee for Merrill Lynch Credit Corporation assigned the Mortgage to Plaintiff, HSBC Bank USA, National Association as Trustee for J.P. Morgan Mortgage Trust 2007-A2, by assignment dated September 20, 2013 and recorded with the LER on October 4, 2013 in Book 809, Page 132. A true and correct copy of said Assignment is attached hereto as <u>Exhibit 3.</u>

15. Title to the Property is further encumbered by an execution against Defendant, Gary Miles Beer, in favor of the Defendant, Wendy Olsen, in the original principal amount of $2,520.00 dated March 4, 2013 and recorded with the LER on March 18, 2013 in Book 790, Page 171.

16. Title to the Property is further encumbered by an execution against Defendant, Gary Miles Beer, in favor of the Defendant, Petro Holdings Inc. D/B/A Petro Heat, in the original principal amount of $1,337.43 dated October 7, 2014 and recorded with the LER on October 28, 2014 in Book 832, Page 95.

17. Title to the Property is further encumbered by a Notice of Lien against Defendant, Gary Miles Beer, in favor of the Defendant, Town of Jamestown, Rhode Island, Jamestown Board of Water Commissioners, in the original principal amount of $1,421.74 dated March 29, 2016 and recorded with the LER on March 31, 2016 in Book 865, Page 198.

18. Under the terms of the Note and Mortgage, the Beers were obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by

4

the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the December 1, 2036 maturity date of the Loan.

19. The Beers defaulted in the monthly payment obligations due under the Note and Mortgage and the mortgage account with PHH Mortgage Corporation ("PHH"), as servicer of the Loan for the Plaintiff, is now due for the November 1, 2012 payment together with all subsequently accrued but unpaid installments.

20. Peggy Anderson Beer passed this life on July 3, 2008. A true and accurate copy of her death certificate is attached hereto as Exhibit 4.

21. Ownership of the Property passed automatically by operation of law to the Defendant, Gary Miles Beer, as the Property was held as tenants by the entirety by the Beers.

22. The Defendant, Gary Miles Beer, was the administrator of the Estate of Peggy Anderson Beer, case number 0001028-09 in the Superior Court of the District of Columbia, Probate Division.

23. On November 21, 2017, the Plaintiff, through its attorneys, Korde & Associates, P.C., sent the Estate of Peggy Anderson Beer and Defendant, Gary Miles Beer, Notices of Default via certified and first class U.S. mail. True and accurate copies of said Notices are attached hereto as Exhibit 5.

24. The default set forth in the November 21, 2017 Notices of Default was never cured. A true and accurate copy of the payment history maintained by PHH in connection with the subject mortgage loan is attached hereto as Exhibit 6.

25. On January 23, 2018, the Plaintiff, through its attorneys, Korde & Associates, P.C., sent the Estate of Peggy Anderson Beer and the Defendant, Gary Miles Beer, Notices of Acceleration via certified and first class U.S. mail. True and accurate copies of said Notices are attached hereto as Exhibit 7.

26. On February 15, 2018, PHH sent a letter to the Defendant, Gary Miles Beer, through his attorney, notifying him that based on his loss mitigation application, he did not qualify for a Homeowners Assistance Program. A true and accurate copy of that letter is attached hereto as <u>Exhibit 8</u>.

**COUNT I**

FOR DECLARATORY JUDGMENT

27. HSBC Bank re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-26 above.

28. HSBC Bank seeks a judgment from this Court declaring that (a) HSBC Bank USA, National Association as Trustee for J.P. Morgan Mortgage Trust 2007-A2, is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 22 of the Mortgage) and (b) that the Defendant, Gary Miles Beer, individually and as the Administrator of the Estate of Peggy Anderson Beer, is in default of the obligations set forth in the Note and Mortgage.

**COUNT II**

FOR DECREE BARRING ALL RIGHTS OF REDEMPTION
AND VESTING TITLE IN THE PLAINTIFF FREE OF ALL CLAIMS

29. HSBC Bank re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-26 above.

30. HSBC Bank seeks a decree of this Court pursuant to R.I. Gen. Laws § 34-27-1 (a) forever barring any rights of redemption which any or all of the Defendants may have under the terms of the Mortgage and (b) vesting title to the Property in favor of the Plaintiff, HSBC Bank, free of any and all right, title, interest or claim of each of the Defendants to this action.

# COUNT III

## FOR AN ORDER OF SALE

31. HSBC Bank re-alleges and incorporates by reference the allegations contained in paragraphs 1-26 above.

32. In the alternative to the relief sought in Count II hereof, HSBC Bank seeks an order of this Court pursuant to R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing HSBC Bank to sell the property at public sale or by such other means and subject to such terms and conditions as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interests or claims of each of the several Defendants to this action. In relation thereto, HSBC Bank further seeks an order allowing it to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale. Additionally, given the equitable nature of a proceeding brought pursuant to R.I. Gen. Laws §34-27-1, HSBC seeks an order finding that equity has been satisfied as the Defendant, Gary Miles Beer, was reviewed for loss mitigation options immediately prior to the filing of this Complaint.

WHEREFORE, HSBC Bank USA, National Association as Trustee for J.P. Morgan Mortgage Trust 2007-A2 ("HSBC Bank") requests that the Court:

(a) Issue a judgment determining that the Defendant, Gary Miles Beer, is in default of the obligations under the terms of the Note and Mortgage;

(b) Issue a judgment determining that the Plaintiff, HSBC Bank, is the present holder of the note and the present holder of the mortgage and entitled to enforce the default remedies provided for therein;

(c) Issue a judgment forever barring the Defendants' exercise of any rights of redemption, if any, provided for in the Mortgage and/or by operation of law and vesting title to the Property in the Plaintiff, HSBC Bank, free of any and all right, title, interest or claim of each of the

Defendants or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Jamestown Land Evidence Records;

(d) In the alternative to the relief sought in the preceding paragraph (e), issue an order or judgment authorizing and directing the Plaintiff to sell the Property at public sale or by such other means as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interest, lien, mortgage or claim of each of the Defendants to this action and of any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Jamestown Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to the plaintiff as of the date of such sale, the right, title, interest, lien, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

(e) In conjunction with the order of sale requested in the foregoing prayer for relief, provide in the judgment that the foreclosure sale referenced in the preceding paragraph and Plaintiff's delivery of a foreclosure deed to the successful high bidder at such sale shall extinguish all right, title, interest, lien, mortgage or claim in or to the Property of each of the Defendants to this action and of any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Jamestown Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to the Plaintiff as of the date of such sale, the right, title, interest, lien, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

(f) Authorize the Plaintiff to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale;

(g) Find that Equity pursuant to R.I. Gen. Laws §34-27-1 has been satisfied; and

    (h)    Grant such other and further relief as the Court deems just and proper.

April 26, 2018

Respectfully Submitted,

HSBC Bank USA, National Association as Trustee for J.P Morgan Mortgage Trust 2007-A2,
By its Attorney,

/s/ Catherine V. Eastwood
Catherine V. Eastwood Esq., RI# 6406
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 249)
ceastwood@kordeassociates.com